*Hallam, for appellants.*

*Simmons & Bryan, for appellee.*

---

REBECCA HAMILTON'S ADM'R. *v.* WM. MARSHALL.

**Trusts—Management of Farm for Old and Decrepit Woman.**

Where an old and infirm woman who was unable to manage and supervise her farm, entrusted the matter to another, he assumed the position of quasi trustee.

**Account—Manner of Accounting.**

Where one undertook the management of a farm of an old and infirm woman, consisting of four hundred acres of land, slaves, stock, farming implements, and crops, but kept no accounts of his transactions, thereby rendering it impossible to make a correct settlement, the proper procedure is, either to charge him with such funds as ought to have been realized from the farm by a prudent and industrious man, or treat him as having purchased the stock, crops, farming implements and supplies when he took possession, and as having rented the farm and hired the slaves.

APPEAL FROM BATH CIRCUIT COURT.

March 5, 1874.

OPINION BY JUDGE LINDSAY:

William Marshall, under a contract entered into in December, 1847, took possession of the farm, stock, farming implements, crop, supplies, and slaves of Mrs. Rebecca Hamilton. He held, controlled and managed her estate up to about the 1st of January, 1855. The object of this suit is to settle the accounts between said Marshall and the administrator of Mrs. Hamilton, she having died early in the year 1855.

Marshall claims that the agreement of December 1, 1847, constituted himself and Mrs. Hamilton partners, and that the award or memorandum of December 24, 1850, signed by Young, Lane and Cunningham, settled that after the support of the two families, the net profits realized by the farming operations were to be equally divided. The special judge who tried the cause seems to have adopted that theory, and to have settled the matters in litigation upon that basis. The result reached is somewhat remarkable.

Marshall took possession of a valuable farm of 400 acres of land, well stocked with a number of valuable slaves, in January, 1848. He retained possession for seven years. He rendered no account of crops, sales, or purchases. He paid out during the time, for the benefit of Mrs. Hamilton, not more than $1,050, according to his own statement, and turned over to the curator in charge of her estate, stock, farming implements, etc., amounting in value to

$3,984.34, in all, a little over five thousand dollars, and yet he recovered judgment against the administrator for over $14,000.

If the reasonable rents of the farm and the hires of the slaves amounted to anything like the sums fixed by the witnesses, it is plain that this judgment must be erroneous. It is immaterial whether Mrs. Hamilton and Marshall were or not partners, and it is equally immaterial whether the award of Young, Lane, and Cunningham was or not intended to fix permanently the interest to be taken by each party in the profits of the partnership. Mrs. Hamilton was old and infirm, and utterly incapable of looking after, or in any way supervising the farming operations. The whole matter was intrusted to Marshall. He was, therefore, a *quasi* trustee. He took possession of everything, and managed and controlled the farm, slaves and other property as his own. He kept no accounts, or if he did he failed to produce them. It is impossible, therefore, to settle the supposed partnership matters and reach a conclusion even approximately correct. In such a state of case there are but two courses to pursue, either to charge Marshall, the active and managing machine, with such profits as ought to have been realized by a prudent and industrious man, or to treat him as having purchased the stock, crop, farming implements and supplies on hand when he took possession in January, 1848, and as having rented the farm and hired the slaves. We incline to the conclusion that this latter alternative is the one that should be adopted in this case.

We therefore reverse the judgment, and remand the cause with instructions to settle the accounts between the parties upon the following basis. Charge Marshall with the value of the stock, farming implements, crop, and supplies that came to his hands in January, 1848, the said sum to bear interest from that date. Also charge him with reasonable hire for all the slaves that came to his possession, said hires to bear interest from the end of the year in which they shall have accrued. Also charge him with reasonable rent for the farm, the rent for each year to bear interest from the termination thereof. Credit him with all sums of money paid out for the use of Mrs. Hamilton, with interest on each sum from the date of payment; also, for the reasonable value of the support furnished to Mrs. Hamilton and such of her slaves and stock as she reserved

for her own use, and for the support of such slaves as by reason of age or disease, were unable to earn a support for themselves, the sums allowed for these purposes to bear interest from the end of the year in which they shall have accrued. Also, he should be credited with a reasonable compensation for taking care of any stock that Mrs. Hamilton may have allowed her slaves to keep for their personal use and benefit, with interest from the end of each year; also for any amount that may have been expended in making a permanent improvement to the buildings on the farm, with interest from the date of the expenditure; also with the value of the stock, farming implements, etc., turned over to the curator after the death of Mrs. Hamilton, with interest from the date of its delivery. For the balance found due to either party, upon a statement of the accounts made as herein directed, a judgment will be rendered.

*Turner, Apperson,* for appellant.

*Lacy, Hurt,* for appellee.